Avi Burkwitz, Esq., Bar No.: 217225
Gayane Muradyan, Esq., Bar No.: 337436
**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

**Exempt from filing Fees**
**Government Code Section 6103**

Attorneys for Defendant, COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DONALD RUBIO

        Plaintiff,

    vs.

COUNTY OF LOS ANGELES, a municipal entity; and DOES 1-10, inclusive.

        Defendants.

Case No.:  2:24-cv-04978 AB (PVCx)
Assigned to the Honorable: André Birotte Jr.
[Courtroom: 7B]

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

*[Concurrently filed with [Proposed] Order; and Declaration of Gayane Muradyan, Esq.]*

Date: January 10, 2025
Time: 10:00 AM
Courtroom: 7B

Complaint Filed:   June 8, 2023
FAC Filed:           November 3, 2023
SAC Filed:          May 22, 2024
TAC Filed:          October 24, 2024

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on January 10, 2025 at 10:00 a.m., in Courtroom 7B of the United States District Court, Central District of California, located at 255 E. Temple St., Los Angeles, CA 90012, Defendant, COUNTY OF LOS

1

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

ANGELES (the "County" or "Defendant"), will move this Court for an order to dismiss, with prejudice, the First, Second, Third, and Fourth claims for relief stated against them in Plaintiff's Third Amended Complaint, pursuant to *Federal Rules of Civil Procedure*, Rule 12(b)(6) and corresponding law. The motion will be made and based upon the following grounds:

1. Plaintiff's First Claim for relief, entitled "Unlawful Retaliation: Labor Code Section 1102.5" against the County fails to state a claim upon which relief can be granted.

2. Plaintiff's Second Claim for relief, entitled "Breach of Contract (oral and written)" against the County fails to state a claim upon which relief can be granted.

3. Plaintiff's Third Claim for relief, entitled "Malicious and Unlawful Violations of Peace Officer's Bill of Rights (POBR) Under Cal. Gov. Code. Sections 3300-3309.5; failure to comply with one-year statute of limitations under Cal. Gov. Code 3304" against the County fails to state a claim upon which relief can be granted.

4. Plaintiff's Fourth Claim for relief, entitled "Deprivation of Civil Rights under U.S.C. Section 1983" against the County fails to state a claim upon which relief can be granted.

Prior to the filing of this motion, Defendant complied with C.D.C.A. Local Rule 7-3. On October 31, 2024, Defense Counsel sent a detailed meet and confer correspondence to Plaintiff's Counsel, via email, advising that a Motion to Dismiss was being considered and detailing the grounds for the same. Plaintiff has yet to respond to Defendant's meet and confer correspondence. As such, Defendant brings this motion to protect its rights and to seek clarification about the balance of claims against which it must defend.

This Motion is made and based upon this notice, the Complaint, the Court

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

2

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

file, the Memorandum of Points and Authorities submitted herewith, and the hearing on this matter.

DATED:  November 7, 2024

**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU**

By:   */s/ Gayane Muradyan*
Avi Burkwitz, Esq.
Gayane Muradyan, Esq.
Attorneys for Defendant,
COUNTY OF LOS ANGELES

**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

3

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

# Table of Contents

I.      INTRODUCTION ..............................................................................................9

II.     PROCEDURAL HISTORY ..............................................................................9

III.    FACTUAL ALLEGATIONS............................................................................10

IV.     A MOTION TO DISMISS IS WARRANTED IN THIS CASE............................................11

        A.      Plaintiff's First Claim for Relief ("Unlawful Retaliation: Labor Code Section 1102.5") Fails to State a Claim Upon Which Relief Can Be Granted Against Defendant, the County. ..............................................................13

                1.      Plaintiff's Complaint Fails to Show Any Legal or Logical Connection Between His Grievance and Him Being Relieved of Duty. ........................ 13

                2.      There is No Temporal Connection Between Plaintiff Being Relieved of Duty and His Subsequent Reports to The Former Assistant Sheriff Gross  14

        B.      Plaintiff's Second Claim for Relief ("Breach of Contract (Oral and Written)") Fails to State a Claim Upon Which Relief Can Be Granted Against Defendant, The County. ..............................................................14

        C.      Plaintiff's Third Claim for Relief ("Malicious and Unlawful Violations of Peace Officer's Bill of Rights (POBR) Under Cal. Gov. Code. Sections 3300-3309.5; Failure to Comply with One-Year Statute of Limitations Under Cal. Gov. Code 3304") Fails To State A Claim Upon Which Relief Can Be Granted Against Defendant, The County...............................................................16

                1.      Any Discipline That Was Imposed on Plaintiff Was in Accordance with the "One-Year" Statute of Limitations............................................................. 16

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

D.    Plaintiff's Fourth Claim for Relief, Entitled "Deprivation Of Civil Rights Under U.S.C. Section 1983" Against The County Fails To State A Claim Upon Which Relief Can Be Granted ........................................................................................ 17

V.    CONCLUSION ........................................................................................................ 19

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

# TABLE OF AUTHORITIES

**Other Authorities**

Ashcroft v. Iqbal
  556 U.S. 662, 678, 679 (2009)....................................................................12, 13, 17

Baker v. McCollan
443 U.S. 137, 144 n.3 (1979) .......................................................................18

Bd. Of Cty. Comm'rs of Bryan Cty., Okl. V. Brown
  520 U.S. 397, 403 (1997).............................................................................18, 19

Bell Atl. Corp. v. Twombly
  550 U.S. 544, 555, 556, 557. 570, (2007)....................................................12, 13

City of St. Louis v. Praprotnik
  485 U.S. 112, 123 (1988).............................................................................18

Fowler v. Security-First National Bank
  146 Cal.App.2d 37, 47 (1956) .....................................................................15

Hunter v. Cty. of Sacramento
  652 F.3d 1225, 1227 n.1 (9th Cir. 2011) .....................................................18

Ladas v. California State Automobile Assn.
  19 Cal.App.4th 761, 770 (1993) ..................................................................14

Lugar v. Edmondson Oil Co.
  457 U.S. 922, 924 (1982).............................................................................17

Monell v. Dep't of Soc. Servs. of City of New York
  436 U.S. 658, 692, 694 (1978).....................................................................18, 19

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

Monster Energy Co. v. Schechter

  7Cal.5th 781, 789 (2019) .................................................................................15

Papasan v. Allain

  478 U.S. 265, 286 (1986)...............................................................................12

Patten v. Grant Joint Union High School Dist.

  (2005) ............................................................................................................14

Pembaur v. City of Cincinnati

  475 U.S. 469, 478 (1986)...............................................................................18

Yanowitz v. L'Oreal USA Inc.

  (2005) ............................................................................................................13

**Statutes**

Cal. Labor Code § 1102.5 .............................................................................9, 13

Cal. Labor Code § 1102.5(b).............................................................................14

Government Code § 3304(d)..............................................................................16

Government Code §3304(d)(1) .....................................................................16, 17

**Miscellaneous**

36 Cal.4th 1028, 1052......................................................................................13

42 U.S.C. 1983 .................................................................................................17

134 Cal.App.4th 1378, 1384 ............................................................................14

436 U.S. at 691 ................................................................................................18

CACI 302 ..........................................................................................................14

C.D.C.A. Local Rule 7-3....................................................................................10

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

Fed. Rule Civ. Proc. 8(a)(2) ...................................................................................12

Rule 8 of the Federal Rules of Procedure ............................................................11,12

Rule 12(b)(6) .........................................................................................................12

U.S.C. Section 1983 ..................................................................................................9

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff filed his Third "Amended" Complaint, but it has not really been amended from the prior iterations of complaints, nor does it show enough facts to state a claim upon which relief can be granted as to any of the four claims. After the Court dismissed the Second Amended Complaint, Plaintiff merely shuffled the same facts and called it an *amended* complaint.  But nothing has changed.

This is a futile attempt to save the case, but the Court should note that the facts, as stated in the Third Amended Complaint, remain the same and still fail to state a claim upon which relief may be granted, particularly given the Court's prior directives. This applies to all four claims for relief, specifically Plaintiff's Fourth Claim for Relief for violation of U.S.C. Section 1983, as discussed in more detail below.

The Court previously granted the County's motion to dismiss, and Plaintiff has failed to make any changes from the two pleadings.

The Court should therefore grant this motion without leave to amend.

## II.   PROCEDURAL HISTORY

On November 3, 2023, Plaintiff filed his First Amended Complaint in the Superior Court of California alleging the three causes of action: (1) Violation of Labor Code Section 1102.5; (2) Breach of contract (written and oral); (3) Violation of Peace Officer's Bill of Rights ("POBR.")

On April 24, 2024, the matter came for hearing on Defendant's demurrer (attacking all three causes of action on the basis that the Complaint failed to plead facts enough to constitute a cause of action) to Plaintiff's First Amended Complaint and resulting in the Court sustaining the demurrer as to all three causes of action.

On May 24, 2024, Plaintiff filed his Second Amended Complaint; however, the deficiencies as to the state claims were not cured and Plaintiff merely added the Fourth

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

9

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

Claim for Relief ("Deprivation of Civil Rights under U.S.C. Section 1983) – which gave rise to grounds for removal of the present action to federal court.

On June 17, 2024, Defendant filed the notice of removal of the present action to Federal Court. On October 4, 2024, this Court granted Defendant's motion to dismiss with respect to Plaintiff's Fourth Claim for Relief. On October 4, 2024, the Court granted the County's motion to dismiss the Second Amended Complaint. In doing so, the Court did not make any rulings as to the first three state claims. However, it noted that the federal claim was not pleaded appropriately, telling Plaintiff he could file an amended complaint.

Plaintiff filed a Third Amended Complaint on October 24, 2024. On October 31, 2024, Defendant met and conferred with Plaintiff in accordance with C.D.C.A. Local Rule 7-3. However, Plaintiff did not respond to Defendant's letter, hence the motion.

### III.   FACTUAL ALLEGATIONS

In June 2020, Plaintiff was promoted by Alex Villanueva to a Captain position. (TAC at ¶1) In July 2020, Plaintiff filed his grievance for unpaid salary as Captain and claims that this is the alleged protected activity. (TAC ¶9) Plaintiff was relieved of duty by Chief Lecrivain on August 18, 2020, for prohibited association with drug addicts. (TAC ¶10) On or about November 14, 2020, Plaintiff reported the alleged illegal conduct of Chief Lecrivain to Assistant Sheriff Steven Gross. (SAC¶11) On or about November 2020, Plaintiff claims Lecrivain, Murakami, Villanueva, and LASD allegedly concocted a rigged IAB investigation into Plaintiff based on fabricated allegations, with the intent to terminate Plaintiff from his job. (SAC¶12) Plaintiff claims that LASD knew of allegations of Plaintiff's misconduct (involving a TRO and claims of Prohibited Association) in 2014. (SAC¶14)

Plaintiff claims that in the beginning of 2021, an IA investigation was initiated into the allegations of Prohibited Association and failure to report the TRO. (SAC¶15-

10

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

16) The said investigation concluded with the intent to terminate Plaintiff based on not reporting the TRO and Prohibited Association revealed during the course of the 2020 IA investigation (SAC¶17) Plaintiff alleges that in 2019-2020 there was an ICIB investigation into the claims of Prohibited Association and failure to report the TRO and was exonerated of any wrongdoing. (*id.*) Plaintiff was demoted from the captain position in March 2021. (SAC¶19) On or around May 2019, 2021, Plaintiff was also charged with failure to report Prohibited Association, which Plaintiff claims the LASD had knowledge of. (*id.*) In October 2021, Plaintiff was issued a notice of termination. (SAC¶20) Chief Kelly Porowski advised Plaintiff that he should settle in lieu of termination, Plaintiff was offered a proposed settlement agreement. (SAC¶20) Plaintiff claims he could not afford a prolonged delay and wait for another two years for a civil service hearing. (id.) According to the proposed settlement agreement, among other things, Plaintiff was required to resign on March 31, 2022. (SAC¶20) Plaintiff received a final version of the proposed agreement on March 31, 2022. (SAC¶21) On March 31, 2022, later in the afternoon, Plaintiff, via his attorney, advised the County Counsel that he accepted the proposed terms. (SAC¶23) There is no mention of a contract being finalized and signed by the LASD. Plaintiff claims that at this point there was a formed written and oral contract. (SAC¶23) Plaintiff claims that the "agreement" was not honored because he did not receive his CCW credentials, which was part of the terms proposed by the County. (SAC¶24) Plaintiff claims that as a result of not getting his CCW credentials, he lost a job with the City of Lancaster. (SAC¶24) Plaintiff claims that in July 2023, LASD scheduled an appeal hearing and on July 27, 2023, he received his CCW credentials. (SAC¶26)

## IV.    A MOTION TO DISMISS IS WARRANTED IN THIS CASE

Under Rule 8 of the Federal Rules of Procedure, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. Bell

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. at 555-56. Rule 8 "demands more that an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint that simply offers "labels and conclusion," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]' devoid of 'further factual enhancement'" will not do. Iqbal 556 U.S. at 678 (first quoting Papasan v. Allain, 478 U.S. 265, 286 (1986), second quoting Twombly, 550 U.S. at 555, 557).

Under Rule 12(b)(6), a party may move to dismiss a claim for relief for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a complaint against a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Motions to dismiss test complaints against a plausibility standard: *i.e.*, whether the complaint contains sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim had facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]''that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." Iqbal, 556 U.S. at 678 (internal

12

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

citations and quotations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556)

Here, Plaintiff's Complaint fails to state any claim for relief against the County.

**A.** **Plaintiff's First Claim for Relief ("Unlawful Retaliation: Labor Code Section 1102.5") Fails to State a Claim Upon Which Relief Can Be Granted Against Defendant, the County.**

**1.** To establish a claim under Cal. Labor Code § 1102.5, an employee must demonstrate that he or she engaged in a protected activity and has been subjected to an "adverse employment action" that materially affects the terms, conditions, or privileges of employment. See Cal. Labor Code § 1102.5; Yanowitz v. L'Oreal USA Inc. (2005) 36 Cal.4th 1028, 1052.**Plaintiff's Complaint Fails to Show Any Legal or Logical Connection Between His Grievance and Him Being Relieved of Duty.**

Plaintiff claims that he filed his grievance in July 2020 and submitted it to the former Undersheriff Murakami. The Complaint is silent as to why Murakami was the right person to review the grievance and not Plaintiff's direct supervisor, Laura Lecrivain. Plaintiff does not allege any facts showing why Murakami could not forward the grievance to Laura Lecrivain and any reasons for which Plaintiff believes it to be improper.

Plaintiff then claims that a "Chief's aide" informed Plaintiff that the said executives were angered over a backpay grievance (a month after promoting Plaintiff to Captain.)

Plaintiff then claims that more than a month and a half later, he was relieved of duty. Evidently, the storyline does not make any sense, and it is obvious that Plaintiff is merely taking bits and pieces of the previously "tossed" Complaints and trying to connect them in an effort to have this Complaint survive the pleadings stage. But there

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

---

13

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

is no causation between the filing of the grievance and the subsequent relief of duty, especially if the Complaint states that Plaintiff was a newly promoted Captain by the very same executives, specifically Alex Villanueva.

### 2. There is No Temporal Connection Between Plaintiff Being Relieved of Duty and His Subsequent Reports to The Former Assistant Sheriff Gross

Plaintiff brings a claim for retaliation, which pursuant to Labor Code § 1102.5(b) requires that (1) the plaintiff establish a prima facie case of retaliation, (2) the defendant provide a legitimate, nonretaliatory explanation for its acts, and (3) the plaintiff showed this explanation is merely a pretext for the retaliation." Patten v. Grant Joint Union High School Dist. (2005) 134 Cal.App.4th 1378, 1384. As to the first element of a section 1102.5(b) retaliation claim, establishing a prima facie case of retaliation, a plaintiff must show (1) s/he engaged in a protected activity, (2) her/his employer subjected her to an adverse employment action, and (3) there is a causal link between the two (*id*.)

Plaintiff then claims that after he was relieved of duty by Lecrivain (August 18, 2020), on November 14, 2020, he reported her to the former A/S Gross. (SAC¶6-7) Evidently, the reporting followed the supposed adverse employment action – therefore, no causation can be inferred based on the facts that the reporting of Lecrivain was 3 months after he was already relieved of duty (*id.*)

### B. Plaintiff's Second Claim for Relief ("Breach of Contract (Oral and Written)") Fails to State a Claim Upon Which Relief Can Be Granted Against Defendant, The County.

To prove that a contract was created, Plaintiff must prove that 1) the contract terms were clear enough that the parties could understand what each was required to do; 2) the parties agreed to give each other something of value; and 3) the parties agreed to the terms of the contract. CACI 302 "Whether a contract is sufficiently

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

14

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

definite to be enforceable is a question of law for the court." <u>Ladas v. California State Automobile Assn.</u> (1993) 19 Cal.App.4th 761, 770. An essential element of any contract is "consent… The consent must be mutual…Consent is not mutual, unless the parties all agree upon the same thing in the same sense…The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe… Accordingly, the primary focus in determining the existence of mutual consent is upon the acts of the parties involved." <u>Monster Energy Co. v. Schechter</u> (2019) 7Cal.5th 781, 789. "If words are spoken under circumstances where it is obvious that neither party would be entitled to believe that the other intended a contract to result, there is no contract." <u>Fowler v. Security-First National Bank</u> (1956) 146 Cal.App.2d 37, 47.

The Complaint states that Plaintiff received a "proposed" settlement agreement with "proposed" terms on March 31, 2022. (TAC at 21.) There is no allegation that the received agreement was signed by the Department or otherwise ratified by the Department. The agreement still ***proposed*** terms and conditions, and nothing was set in stone. As such, there was no signed settlement "agreement" between the Parties. *There is not even a mention that Plaintiff signed the agreement.* Even assuming that Plaintiff signed the agreement, there is no mention that the Department signed it. The objective representation (as noted by the Court in <u>Monster Energy Co.</u>) of any assent would have been a signed contract, not a verbal interaction.

Plaintiff then claims that there was a formed "oral" contract, despite the written settlement agreement that was being negotiated. Plaintiff's facts are self-contradictory: on one hand, Plaintiff claims there was a written contract being negotiated, but then states that a contract was formed based on alleged verbal interactions (TAC at 23.)

Clearly, Plaintiff's Complaint fails to plead any facts to constitute a claim for relief based on the above-mentioned arguments. The motion should be granted.

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

15

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

**C.      Plaintiff's Third Claim for Relief ("Malicious and Unlawful Violations of Peace Officer's Bill of Rights (POBR) Under Cal. Gov. Code. Sections 3300-3309.5; Failure to Comply with One-Year Statute of Limitations Under Cal. Gov. Code 3304") Fails To State A Claim Upon Which Relief Can Be Granted Against Defendant, The County.**

1.      Government Code § 3304(d) reads as follows "(d) (1) Except as provided in this subdivision and subdivision (g), no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct. In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed discipline by a Letter of Intent or Notice of Adverse Action articulating **the discipline that year**, except as provided in paragraph (2) The public agency shall not be required to impose the discipline within that one year." (Emphasis added.)**Any Discipline That Was Imposed on Plaintiff Was in Accordance with the "One-Year" Statute of Limitations.**

Government Code §3304(d)(1) states: If the act, omission, or other allegation of misconduct is also the subject of a criminal investigation or criminal prosecution, the time during which the criminal investigation or criminal prosecution is pending shall toll the one-year time period. Subsection (7) of the same section states that the one-year time period shall be tolled during the period of the criminal investigation and prosecution where the complainant is a criminal defendant. (Emphasis added.)

Plaintiff's Complaint states that the IA investigation into Plaintiff was initiated in November 2020. (TAC at 12) Prior to that, Plaintiff admits that he was criminally investigated by the ICIB in 2019-2020 (TAC at 17.) Plaintiff's Complaint expressly

16

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

states that the ICIB investigation into Plaintiff was going back to 2019.

It is obvious that under Government Code §3304(d)(1) the ICIB (i.e., criminal) investigation that was going on in 2019-2020, as pleaded in the Complaint, would have tolled the timeframe for any administrative investigations. It is unclear when exactly Plaintiff was criminally investigated in "2019-2020," as such, there are not enough claims to state that the Department violated the one-year rule by initiating the administrative investigation into Plaintiff in November 2020.

In any situation, even if the administrative investigation was initiated in November 2020, the one-year timeframe would expire in November 2021.

Plaintiff alleges he was demoted in March 2021 (TAC at 19) -assuming this was at the conclusion of the IA investigation (which, again, is not clear from the Complaint,) then this date falls within the one-year statute of limitations.

Plaintiff was issued a notice of termination in October 2021. (TAC at 20) This date is before November 2021, which is when the statute of limitations would expire.

As such, the motion should be granted and the claims for relief should be dismissed due to Plaintiff's failure to meet the Iqbal standard.

**D.    Plaintiff's Fourth Claim for Relief, Entitled "Deprivation Of Civil Rights Under U.S.C. Section 1983" Against The County Fails To State A Claim Upon Which Relief Can Be Granted**

As noted above, Plaintiff cannot bring a claim against the County under 42 U.S.C. 1983 based upon a theory of respondeat superior. However, despite the amendment, he still has failed to properly plead a custom or practice.

42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. 42 U.S.C. § 1983; Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

17

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

In Monell v. Department of Social Services, the Supreme Court held "that a municipality may be sued as a 'person' under 42 U.S.C. §1983 when the municipality's 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy' inflicts a constitutional injury." Hunter v. Cty. of Sacramento, 652 F.3d 1225, 1227 n.1 (9th Cir. 2011) (quoting Monell v. Department of Social Services, 436 U.S. 658, 694 (1978)). The municipality cannot, however, be held liable on a theory of respondeat superior: i.e., "solely because it employs a tortfeasor." 436 U.S. at 691 (emphasis in original). Section 1983 only holds a municipality liable for acts of that municipality is itself actually responsible: i.e., "act which the municipality has officially sanctioned or ordered." City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986)).

To prevail on a §1983 Monell claim, plaintiffs must show (1) that they suffered a constitutional violation, and (2) that a municipal policy caused the violation. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978). A plaintiff seeking to impose liability on a municipality under Section 1983 is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. Of Cty. Comm'rs of Bryan Cty., Okl. V. Brown, 520 U.S. 397, 403 (1997).

In this case, Plaintiff does not plead any facts showing that the County of Los Angeles has actually "sanctioned or ordered" the actions that Plaintiff attributes to the Sheriff's Department and those that allegedly caused him to suffer any harm.

Plaintiff claims that the Sheriff's Department has been retaliating against its employees for exercising their First Amendment rights. Plaintiff does not cite, nor does he refer to any specific "established practice and protocol" or "policy" that were allegedly "established by the policymakers. Plaintiff, who has been with the

18

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

Department for 31 years, does not state a single other instance wherein such "policies" were placed into action. There are no examples, no facts and otherwise nothing to substantiate a claim that Defendant has placed into effect any policy or custom which can now be a basis for Plaintiff's Fourth Claim for Relief.

Plaintiff's Complaint is devoid of any facts showing the "custom" which is a necessary element for bringing a Monell Claim against the County. (Bd. Of Cty. Comm'rs of Bryan Cty., Okl. V. Brown, 520 U.S. 397, 403 (1997.)

The bottom line is that Plaintiff is trying to mislead this Court that the matters pertaining to his one grievance in the 31-years of his career with the Sheriff's Department are a policy and a custom of the County.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint.

DATED:  November 7, 2024

**PETERSON BRADFORD BURKWITZ GREGORIO BURKWITZ & SU**

By:   */s/ Gayane Muradyan*
   Avi Burkwitz, Esq.
   Gayane Muradyan, Esq.
   Attorneys for Defendant,
   COUNTY OF LOS ANGELES

PETERSON BRADFORD BURKWITZ GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

19

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, the County of Los Angeles, certify this brief contains 4,932 words, which complies with C.D. Cal. Civ. L.R. 11-6.1.

DATED:  November 7, 2024

**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU**


By:  */s/ Gayane Muradyan*
Avi Burkwitz, Esq.
Gayane Muradyan, Esq.
Attorneys for Defendant,
COUNTY OF LOS ANGELES

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On November 7, 2024, I served the foregoing document described as: **DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED MAILING LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL:**  I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid.  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:**  I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 7, 2024, at Burbank, California.

/s/ Lexi Pettway

Lexi Pettway

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

# SERVICE LIST

**RE:**  **Rubio, Donald v. County of Los Angeles**

**Case No.:**   2:24-cv-04978 AB (PVCx)

Vincent Miller, Esq.
Nick Sage, Esq.
The Law Offices of Vincent Miller
16255 Ventura Boulevard Ste 625
Encino, CA 91436
E: vincent@vincentmillerlaw.com
E: nick@vincentmillerlaw.com
T: 213-948-5702
F: 818-450-0698

**Attorneys for Plaintiff,**
**Donald Rubio**

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

22

**DEFENDANT, COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**

p- MTD TAC_6